Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | Return Date: May 3, 2010 |
| ------------------------------------------------x | Chapter 13 |
| In Re<br>Arnulfo Trujillo | Case No. 09-27765 |
| Debtor | |
| ------------------------------------------------x | |

## NOTICE OF MOTION TO RECLASSIFY CLAIM

**TO ALL PARTIES:**

**PLEASE TAKE NOTICE** upon the affidavit of Arnulfo Trujillo will move pursuant to 11 U.S.C. Section 105(a) and 11 U.S.C. Sections §522 as follows:

| | |
|---|---|
| JUDGE: | Hon. Novalyn L. Winfield |
| RETURN DATE AND TIME: | May 3, 2010 at 9:00 am |
| PLACE: | 50 Walnut Street 3rd fl.<br>Newark, NJ 07102 |
| RELIEF REQUESTED: | Motion to Reclassify Claim of Ocwen Loan Servicing from secured to unsecured. |
| BASIS FOR RELIEF REQUESTED: | 11 USC §§ 506 |

DATED: March 2, 2010
Mahwah, NJ 07430

/s/ Shmuel Klein
Shmuel Klein

Law Office of Shmuel Klein, PC
113 Cedarhill Ave
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------x

In Re

Arnulfo Trujillo
        Debtor

------------------------------------------------x

Return Date: May 3, 2010

Chapter 13

Case No. 09-27765

## AFFIDAVIT IN SUPPORT OF MOTION TO RECLASSIFY CLAIM

COMES NOW Arnulfo Trujillo, the debtor herein, by and through his attorney, Shmuel Klein, who affirms under the penalties of perjury that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, we believe them to be true.

1. This is an application pursuant to 11 U.S.C. Section 105(a) and 11 U.S.C. Sections §506 of the Bankruptcy Code to reclassify and avoid a lien which impairs the debtors' exemption for his property located at 892 Bergen Street #2, Newark, NJ 07112.

2. On July 09, 2009, the debtor filed a Chapter 13 Case 09-27765.

3. Based upon an appraisal the value of the Property is $280,000.00, See Exhibit "A" annexed hereto and made part hereof.

4. There is a first mortgage is held by EMC Mortgage Corporation in the amount of $420,729.87 See Exhibit "B" annexed hereto and made part hereof.

5. The second mortgage is held by Ocwen Loan Servicing in the amount of $45,739.00, and is unsecured. See Exhibit "C" annexed hereto and made part hereof. The mortgage is unsecured lien impairs the debtor's exemption.

6. There is no equity in the property and the claim of Ocwen Loan Servicing is completely unsecured.

WHEREFORE, the Debtor respectfully prays that this Court issue its Order: (1) finding that notice of and opportunity for the hearing upon this motion was appropriate in the particular circumstances of this case; (2) approving this motion and removing Ocwen Loan Servicing lien from the property and (3) granting such other and further relief as the court may deem appropriate.

Dated: March 2, 2010
Mahwah, NJ

                                                                            /s/ Shmuel Klein
                                                                            Shmuel Klein

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES BANKRUPTCY COURT         Return Date: May 3, 2010
DISTRICT OF NEW JERSEY
-------------------------------------------------x     Chapter 13
In Re
Arnulfo Trujillo                              Case No. 09-27765
        Debtor
-------------------------------------------------x

## MEMORANDUM OF LAW WITH POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RECLASSIFY CLAIM AS UNSECURED

COMES NOW, Arnulfo Trujillo, the Debtor in the above captioned Bankruptcy case, and files this Memorandum of Law in support of this Motion to reclassify Ocwen Loan Servicing as unsecured and as cause therefore would respectfully show this court as follows:

### I. OPERATIVE FACTS

The Debtor incorporates by reference verbatim the statements of fact alleged in the affirmation in support of this Motion filed herewith.

### II. ARGUMENTS AND POINTS AND AUTHORITIES

POINT I: Ocwen Loan Servicing. Lien should be reclassified as unsecured

In *Johnson v. Asset Management Group, LLC,* 226 B.R. 364 (D.Md.1998) held that a debtor may strip off the lien of a wholly unsecured junior lien secured only by her residence. Reg Section 1129 supplies guidance in the determination of whether the plan is fair and equitable to a particular class. For allowed secured claims, the plan must provide that:

> (1) The secured creditor retains lien on the property, or the proceeds of the property, and receives payments in deferred installments totaling at least the amount of the allowed secured claim, and having a present value, as of the date of the effective date of the plan, of at least the value of the collateral. If an election under Section 1111 (b) has been made, the deferred installments above must total at least the entire allowed amount, and have a present value, as of the date of the effective date of the plan, of at least the value of the collateral, or (2) The secured creditor must receive the "indubitable" equivalent of its secured claim.(b)(1) Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph are met with respect to a plan, the court,

on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

(A) With respect to a class of secured claims, the plan provides(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;(ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or (iii) for the realization by such holders of the indubitable equivalent of such claims.(B) With respect to a class of unsecured claims -(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property.(C) With respect to a class of interests - (i) the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or (ii) the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property.

There is a first mortgage on the property in the amount of $$420,729.87, the property was appraised at $280,000.00. There is no equity in the property and the claim of Ocwen Loan Servicing, is completely unsecured.

## CONCLUSION

WHEREFORE, the Debtor respectfully prays that this Court issue its Order: (1) finding that notice of and opportunity for the hearing upon this motion was appropriate in the particular circumstances of this case; (2) approving this motion and removing Ocwen Loan Servicing; lien from the property and (3) granting such other and further relief as the court may deem appropriate.

Dated: March 2, 2010
Mahwah, NJ                                      /s/   Shmuel Klein
                                                Shmuel Klein

## CERTIFICATE OF SERVICE

STATE OF NEW JERSEY
COUNTY OF ESSEX

I, Shmuel Klein, an attorney admitted to practice before this court affirms under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I served the within a Motion and Memorandum of Law and Proposed Order on March 2, 2010, by depositing a true copy thereof by ECF addressed to the following persons:

Ocwen Loan Servicing
1661 Worthington Rd # 100
West Palm Beach, FL 33409-6488

Ocwen Loan Servicing
PO Box 785056
Orlando, FL 32878

Ocwen Loan Servicing
PO Box 6440
Carol Stream, IL 60197-6440

Marie-Ann Greenberg
Chapter 13 Standing Trustee
30 Two Bridges Rd
Suite 330
Fairfield, NJ 07004

/s/ Shmuel Klein
Shmuel Klein

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Law Office of Shmuel Klein<br>113 Cedarhill Ave.<br>Mahwah, NJ 07430<br>(201) 529-3411 | |
| In Re:<br>Arnulfo Trujillo | Case No.: 09-27765<br><br>Hearing Date: May 3, 2010<br><br>Judge: Winfield |

## Proposed Order

The relief set forth on the following pages, numbered two (2) through ____4____ is hereby **ORDERED**.

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------x

In Re
Arnulfo Trujillo
     Debtor

------------------------------------------------x

Return date: May 3, 2010

Chapter 13

Case No. 09-27765

## Proposed Order

This matter having been opened to the court by The Law Office of Shmuel Klein the debtor's counsel, upon the debtors motion for an order reclassifying the second mortgage on the debtors real property located at 892 Bergen Street #2, Newark, NJ 07112 to unsecured status and which mortgage is held Ocwen Loan Servicing and treating the claim of Ocwen Loan Servicing as unsecured, and good and sufficient cause appearing therefrom for the entry of this order

It is

**ORDERED AND DECREED**, that the second mortgage held by Ocwen Loan Servicing in and on debtor's real estate located at 892 Bergen Street #2, Newark, NJ 07112 be and hereby is to be treated as unsecured, and it is further;

**ORDERED AND DECREED,** upon confirmation and completion of all payments in accordance with the debtors Chapter 13 repayment plan, the second mortgage held by Ocwen Loan Servicing in and on debtors real estate located at 892 Bergen Street #2, Newark, NJ 07112, will be expunged and it is further;

**ORDERED AND DECREED**, that upon confirmation and completion of all payments in accordance with the debtors Chapter 13 repayment plan in the name of Ocwen Loan Servicing shall be and is hereby cancelled and discharged of record as to Arnulfo Trujillo and it is further,

**ORDERED AND DECREED,** that the Clerk of the Superior Court shall cancel and discharge the mortgage as Arnulfo Trujillo by entering on the record that the mortgage is canceled and discharged by Order of this Court as to Andrew Trujillo.

Dated May __, 2010

_____
Hon. Novalyn L. Winfield
Bankruptcy Judge
